RICHARD K. GROSBOLL, State Bar No. 99729
LOIS H. CHANG, State Bar No. 278146
NEYHART, ANDERSON, FLYNN & GROSBOLL APC
369 Pine Street, Suite 800
San Francisco, CA 94104-3323
Tel.  (415) 677-9440
Fax  (415) 677-9445
Email: RGrosboll@neyhartlaw.com
       Lchang@neyhartlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Francisco)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, as Trustee of the above,<br><br>     Plaintiffs,<br>  vs.<br><br>GEORGE FAJARDO d/b/a AMERICAN EAGLE ENVRIONMENTAL, a Sole Ownership and AMERICAN EAGLE ENVIRONMENTAL INC.;<br><br>     Defendants. | Case No.   19-cv-6586<br><br>**ERISA COMPLAINT FOR UNPAID BENEFIT CONTRIBUTIONS AND INJUNCTIVER RELIEF** |

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 0-

**COMPLAINT (ERISA)**
**Case No. 19-cv-6586**

Plaintiffs allege as follows:

## I. INTRODUCTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. This action also arises under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as a result of a breach of the respective Collective Bargaining Agreements.

2. Defendants GEORGE FAJARDO d/b/a AMERICAN EAGLE ENVRIONMENTAL, a sole ownership and AMERICAN EAGLE ENVIRONMENTAL, INC. have unlawfully failed to submit to an audit of its books and records and has also failed to submit fringe benefit contributions (including liquidated damages and interest) as required by the Collective Bargaining Agreements and various Trust Agreements.

## II. JURISDICTION AND VENUE

3. <u>Jurisdiction.</u> Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that

they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

6. <u>Venue</u>.  Venue is appropriate in this District pursuant to § 502(e)(2) of ERISA and § 301(a) of the LMRA, in that the Plaintiff Trust Funds are administered in this District and/or the breaches occurred in this District.

### III.    PARTIES

7. Plaintiffs BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND ("Health and Welfare Trust"), PACIFIC COAST ROOFERS PENSION PLAN ("Pension Trust"), EAST BAY/NORTH BAY ROOFERES VACATION TRUST FUND ("Vacation Fund"), BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND ("Promotion Fund"), and BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND ("Apprenticeship Trust") will be collectively referred to as the "Trusts" or "Trust Funds."  Each of the Trusts, except the Promotion Fund, are multi-employer employee benefit plans pursuant to ERISA, 29 U.S.C. § 1002(3), (37) and 29 U.S.C. § 1132(d)(1) and each is a jointly trusted employee benefit plan pursuant to the LMRA, 29 U.S.C. § 186(c)(5). Employers make contributions to the Trusts pursuant to the terms of their collective bargaining agreements with LOCAL 81 of the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, AFL-CIO ("Roofers Local 81"), LOCAL 40 of the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, AFL-CIO ("Roofers Local 40"), and the Associated Roofing Contractors of the Bay Area Counties, Inc. ("ARCBAC").  Both the Roofers Local 40 and Local 81 will be collectively referred to hereinafter as "the Unions".

8. Plaintiff DOUG ZIEGLER is a Trustee and Fiduciary of each Trust and the Business Manager of R.W.A.W. Local 81.   As such, Mr. Ziegler is a fiduciary of the Trusts within the

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 2 -

COMPLAINT (ERISA)
Case No. 19-cv-6586

meaning of ERISA § 402, 29 U.S.C. § 1102.  As Trustee, Mr. Ziegler has the duty, jointly exercised with the other Trustees of those funds, to administer the trusts for the exclusive benefit of the covered employees in accordance with the applicable law, the terms of each of the Trusts' written Trust Agreements and the Collective Bargaining Agreements.  The fiduciary duty includes the collection of unpaid employer contributions and related losses.

9. Defendant GEORGE FAJARDO d/b/a AMERICAN EAGLE ENVRIONMENTAL a sole ownership (hereinafter "George Fajardo") agreed to be bound to the terms of the most recent Collective Bargaining Agreement ("CBA") with Roofers Local 81.  Attached hereto as **"Exhibit A"** is a true and correct copy of a "Individual Employer Agreement", signed by sole owner George Fajardo which binds George Fajardo to the Roofers Local 81/ARCBAC Working Agreement.  Attached hereto as **"Exhibit B"** is a true and correct copy of the current Working Agreement between ARCBAC and Roofers Local 81 (hereinafter referred to as the "Roofers Local 81 CBA".)  The Roofers Local 81 CBA requires George Fajardo make timely monthly contributions to the Trusts for fringe benefits for its covered employees and to submit to requested payroll audits for verification of accurate employer contributions to employee benefit plans administered by Plaintiffs.  The respective Roofers Local 81 CBA also requires George Fajardo to be bound by the applicable Trust agreements.

10. Defendant AMERICAN EAGLE ENVIRONMENTAL, INC. (hereinafter "American Eagle") agreed to be bound to the terms of the most recent CBA with Roofers Local 40.  Attached hereto as **"Exhibit C"** is a true and correct copy of a "Individual Employer Agreement", signed by George Fajardo which binds American Eagle to the Roofers Local 40/ARCBAC Working Agreement.  Attached hereto as **"Exhibit D"** is a true and correct copy of the current Working Agreement between ARCBAC and Roofers Local 40 (hereinafter referred to as the "Roofers Local

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 3-

COMPLAINT (ERISA)
Case No. 19-cv-6586

40 CBA".)  The Roofers Local 40 CBA requires American Eagle make timely monthly contributions to the Trusts for fringe benefits for its covered employees and to submit to requested payroll audits for verification of accurate employer contributions to employee benefit plans administered by Plaintiffs.  The respective Roofers Local 40 CBA also require American Eagle to be bound by the applicable Trust agreements.

11. Defendant GEORGE FAJARDO d/b/a AMERICAN EAGLE ENVRIONMENTAL is a California sole proprietorship owned by George Fajardo and believed to hold the California contractor's license number 939629.  Defendant AMERICAN EAGLE ENVIRONMENTAL, INC. is a California corporation with George Fajardo listed as the president believed to hold the California Contractor's license number 997440.  Both entities are owned and operated by the same individual George Fajardo.  Hereinafter both George Fajardo and American Eagle will be referred to collectively as the "Defendants".  Plaintiffs are informed and believe both Defendants resides and engages in the roofing, waterproofing and/or contracting business in San Francisco County, California and surrounding areas.

12. At all times material herein, Defendant has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§1002(5), 1145), and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. §185).

### IV.     COMMON FACTUAL ALLEGATIONS

13. Plaintiffs incorporate by reference and re-allege paragraphs 1-12 as if set out in full.

14. At all times material herein, there have been in full force and effect Collective Bargaining Agreements covering the wages, hours and conditions of employment of certain employees of Defendants.  Defendants were signatory and bound to said Agreements and it was in

ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 4 -

COMPLAINT (ERISA)
Case No. 19-cv-6586

force during all relevant times herein. The Agreements require payments to Plaintiff Trust Funds as more fully set forth below.

15. By its terms, the aforementioned CBAs require Defendants to make payments to certain Trust Funds, mentioned herein, for each hour worked by employees covered by the Roofers Local 40 and 81 CBAs. The CBAs also require Defendants to be bound by the applicable Trust Agreements. Attached hereto as "**Exhibit E**" is a true and correct copy of the Trust Agreement for the Health and Welfare Trust fund (hereinafter referred to as "Trust Agreement.") The Health and Welfare Trust Fund is the authorized agent to collect monies due to said Trust Funds. The Trust Agreement also binds Defendants to any rules and regulations relating to the Employer's obligations to make timely contributions to the Trust Adopted by the Board of Trustees of the Health and Welfare Trust.

16. Attached hereto as "**Exhibit F**" is a true and correct copy of the Bay Area Roofers Trust Funds Collection Policies and Procedures (hereinafter referred to as the "Collection Policy") established by the Board of Trustees. The Collection Policy provides that contribution payments received later than the last day of the month for work performed in the prior month will be considered delinquent.

17. In accordance with the Trust Agreement and Collection Policy, as well as the terms of the Roofers Local 40 and 81 CBAs, liquidated damages of 20% of the amount due, with a minimum of $100.00, shall be assessed on all delinquent contributions to the Trust Funds along with interest at the rate of 10% per annum shall be assessed on the contributions and the liquidated damages. (See, Exhibit F).

18. The Roofers Local 40 and 81 CBAs further provides that if legal action must be taken to recover amounts due the Funds, Defendants will pay the actual and reasonable attorney's fees

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 5 -

COMPLAINT (ERISA)
Case No. 19-cv-6586

incurred by the Funds, as well as all related collection costs.  Defendants are likewise required to pay such fees and costs pursuant to 29 U.S.C. Section 1132.

19.     Pursuant to the terms of said Agreements, there are now due, owing and unpaid from Defendants to the Trust Funds contributions for hours worked by covered employees for the months of **August 2017 through present** plus liquidated damages according to contract and attorneys' fees and interest at the legal rate.

20.     Because Defendants have failed to submit its required fringe benefit reports, Plaintiffs had to rely on certified payroll reports and reasonable estimates from the union to ascertain the amount of fringe benefit contributions owed for August 2017 to July 2018 for known projects covered under the CBAs.  Plaintiffs are unaware, at this time, of the full correct amount due and owing for the period of August 2017 to July 2018.

21.     Out of three known public and private projects covered by the CBAs, Plaintiffs were able to collect and receive Joint Check payments on two private projects (Stockton and Kaiser Projects) directly from the General Contractor Kodiak Roofing on those projects.  One of the projects, the Florin Highschool project, the General Contractor Diede Construction is still reviewing the payroll records for reporting accuracy and has been handed over to the California Department of Industrial relations for investigation.  No joint check payment has been received on the Florin High School Project.  The other two Joint Check payments on the private projects are outstanding since Defendants have refused to sign over the joint check payments to Plaintiffs.  A Joint check Agreement executed by the General Contractor Kodiak Roofing for the Kaiser project was sent to George Fajardo for review and execution but he never returned the Agreement.  The estimate still owing on those three **Joint Check payments for August 2017 to July 2018** in fringe benefit contributions is around $55,186.00.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 6 -

COMPLAINT (ERISA)
Case No. 19-cv-6586

22. Plaintiffs are unaware, at this time, of the full amount of fringe benefit contributions owed for the period of August 2018 to present since Defendants have failed to submit fringe benefit reports owing for that period as required by the CBAs.

23. Defendants obligations, pursuant to the Roofers Locals 40 and 81 CBAs, as set forth above, is a continuing obligation.  Defendants continue to breach said agreement by failure to pay monies due thereunder to Plaintiffs.  The additional sums still due and owing, because of such breach, are presently unknown, but will be determined hereafter.  In order to recover additional sums in this action, Plaintiffs request that they be allowed to amend the complaint at or before the time of judgment to set forth said additional sums which may be sue when said sums are determined and additional attorney's fees for collection thereof.

24. Plaintiff's actual attorneys' fees and costs will not be known until after this matter is concluded.

25. By reason of the aforementioned conduct of Defendants, the Trust Funds have suffered, and will continue to suffer, harm and actual and impending irreparable loss in that monies will not be available to provide contractual benefits to participants and beneficiaries of the Trust Funds; the Trust Funds will suffer excessive administrative and legal costs in continuing attempts to collect monies not submitted on a timely basis; the Trust Funds will not have the benefit of investment incomes on monies due to the Trust Funds from Defendants; and individual participants in the Trust Funds have not been able to receive their contractual benefits such as medical and retirement benefits.

### V. FIRST CLAIM FOR RELIEF
*Delinquent Contributions under ERISA– 29 U.S.C. § 1145*

26. Plaintiffs incorporate by reference and re-allege paragraphs 1-25 as if set out in full.

27. Pursuant to ERISA § 515, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

28. Defendants actions constitute a failure of an employer to make contributions to a multi-employer plan.

29. Defendants have repeatedly failed to remit fringe benefit contribution reports and failed to pay contributions due for the months of August 2017 to present in a timely manner. Plaintiffs are unaware, at this time, of the full amount due and owing.

30. As a result of Defendants repeated failure to pay all contributions due for the period of August 2017 to present, under the terms of the collective bargaining agreement, outlined above, Defendants also owe liquidated damages on those unpaid contributions.

31. Pursuant to contract and statute, Defendants owe Plaintiffs costs, attorneys' fees, and interest at the legal rate, in addition to the unpaid contributions and liquidated damages owing.

32. Plaintiffs, through their agents, have made multiple demands for payment but George Fajardo has repeatedly failed and refused to make any payments to date.  George Fajardo and American Eagle have not acted in good faith and have failed to cooperate by blatantly indicating they will not sign over checks and choosing to ignore Plaintiffs' Counsels plethora of correspondence demanding payments.

### VI.    SECOND CLAIM FOR RELIEF
*Request for Injunctive Relief (Audit Order)*

33. Plaintiffs incorporate by reference and re-allege paragraphs 1-32 as if set out in full.

34. Jurisdiction exists pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3), as this is a request to enforce various employee benefit plans and a CBA.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 8 -

COMPLAINT (ERISA)
Case No. 19-cv-6586

35. Pursuant to the Roofers Locals 40 and 81 CBAs and applicable Trust agreements, which Defendants agreed to be bound by, Plaintiffs are authorized to conduct an audit of the payroll books and records of employers when they deem it necessary and appropriate. Furthermore, Defendants are required to maintain, and provide to Plaintiffs upon request, those documents and all other information relevant to the administration of the Trust Funds.

36. Plaintiffs, through their agents, have made repeated requests for an **audit of the time period April 1, 2017 through present**. Despite multiple demands by Plaintiffs and its agents to allow its auditor to inspect the books and records of Defendants, Defendants failed to allow Plaintiffs' auditor access to its books and records to determine the amount of Trust Fund contributions due and owing in accordance with the provisions of the Roofers Locals 40 and 81 CBAs and/or the applicable Trust agreements.

37. Plaintiffs therefore seek an injunctive order from this Court, requiring an audit of the time period **April 1, 2017 through present**, and an order requiring all unpaid or underpaid contributions, liquidated damages, and pre-judgment interest revealed to be due and owing as a result of any such audit.

38. Plaintiffs are unaware, at this time, of the full amount due and owing. Such information will not be known until the completion of the payroll audit of Defendants. Accordingly, Plaintiffs request before the time of judgment to set forth said additional sums which may be due when said sums are uncovered and known. Furthermore, Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

39. By reason of the aforementioned conduct of Defendants the Trust Funds have suffered, and will continue to suffer, harm and actual and impending irreparable loss in that monies will not be available to provide contractual benefits to participants and beneficiaries of the Funds;

the Funds will suffer excessive administrative and legal costs in continuing attempts to collect monies not submitted on a timely basis; the Funds will not have the benefit of investment incomes on monies due to the Funds from these Defendants; and individual participants in the Fund will not receive their contractual benefits, including pension, vacation, apprenticeship, and health care benefits.

## VII.  THIRD CLAIM FOR RELIEF
### Breach of Collective Bargaining Agreements
### [LMRA - 29 U.S.C. §185]

40. Plaintiffs incorporate by reference and reallege paragraphs 1-39 as if set out in full.

41. Defendants repeated failure to pay contributions breached the Roofers Locals 40 and 81 CBAs between Defendants and the Unions to the detriment of the Plaintiffs.  As a result, Plaintiffs are entitled to damages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the agreement.

42. Plaintiffs are the intended third-party beneficiary to those Agreements and are entitled to pursue that claim as a third-party beneficiary. *Schneider Moving & Storage Co v. Robbins, et al.* (1984) 466 U.S. 364, 80 L.Ed.2d 366, 104 S.Ct. 1844 and *U.A. Local 342 Apprenticeship and Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

43. Defendants obligations pursuant to the Roofers Locals 40 and 81 CBAs as set forth above is a continuing obligation, Defendants may be continuing to breach the CBAs by its failure to pay monies due to Plaintiffs.

44. Plaintiffs are unaware, at this time, of the full amount due and owing.  Such information will not be known until the completion of the payroll audit of Defendants and after Defendants have submitted accurate missing employer contribution reports for the period of

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 10-

COMPLAINT (ERISA)
Case No. 19-cv-6586

August 2017 to present. Accordingly, Plaintiffs request before the time of judgment to set forth said additional sums which may be due when said sums are uncovered and known. Furthermore, Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY THIS COURT:

1. **For an Order Compelling Audit under which Defendants shall be directed by the Court, within a specified time, to:**

    A. Grant Plaintiffs' auditors access to **all** of Defendants payroll and other business records required for successful completion of an audit of the period April 1, 2017 through present;

    B. Mandating Defendants cooperation with same, pursuant to the terms of the CBAs and/or Trust agreements; and

    C. Award Plaintiffs prejudgment interest on the late employer contributions at the legal rate, according to contract and/or statute;

2. **For Judgment against the Defendants for:**

    A. Unpaid contributions, liquidated damages, and interest owed for the period of August 2017 to present, in addition to any amounts discovered owing and further amounts according to proof;

    B. For an Order compelling Defendants to submit accurate monthly fringe benefit reports for the period August 2017 to present pursuant to the terms of the CBAs and/or Trust Agreements;

    C. Any unpaid principal owed for the time period covered by the audit, according to proof;

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

- 11-

COMPLAINT (ERISA)
Case No. 19-cv-6586

D. Liquidated damages and pre-judgment interest associated with Defendants delinquencies resulting from late and/or non-reporting for the time period covered by the audit, according to proof;

E. Attorneys' fees in an amount to be submitted to the Court at the time of entry of judgment, plus costs in this action;

F. Any and all litigation costs, including the time of experts, accountants, or others in accordance with proof; and

G. Such other and further equitable relief as this Court deems just and proper.

Dated: October 14, 2019

Respectfully submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL,
A Professional Corporation

By: __/s/ Lois H. Chang_____
    Lois H. Chang
    Attorneys for Plaintiffs