UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GEORGE FAJARDO, et al.,<br><br>    Defendants. | Case No. 19-cv-06586-VC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

  A group of employee benefit plans filed this lawsuit alleging that George Fajardo and his roofing business, American Eagle Environmental Co., are delinquent as to contributions required by certain collective bargaining agreements and trust agreements. Complaint ¶¶ 2, 15, 20, 22, Dkt. No. 1. The plaintiffs bring claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. According to the complaint, ERISA authorizes an injunction ordering Fajardo to submit to an audit. ¶ 37. The complaint also requests attorney's fees and costs. ¶ 31.

  Since being served on October 28, 2019, neither Fajardo nor American Eagle have appeared in this action. *See* Dkt. Nos. 12, 13. The Clerk entered default against both defendants on November 27, 2019, *see* Dkt. No. 15, and the plaintiffs filed a motion for default judgment on February 28, 2020, *see* Dkt. No. 22. The defendants have not opposed or otherwise responded to the motion.

  The defendants' failure to answer the complaint is grounds for default judgment. Fed. R. Civ. P. 55(b)(2). The discretionary decision to enter default judgment is guided by "(1) the

possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The *Eitel* factors support the entry of default judgment because the defendants' refusal to participate in this proceeding is thwarting the plaintiffs' pursuit of a decision on the merits. The defendants did not file an answer, so "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); *see* Fed. R. Civ. P. 8(b)(6). Those factual allegations, coupled with the accompanying exhibits, establish that the defendants are delinquent on contributions owed to the plans in violation of ERISA. *See* 29 U.S.C. § 1145. Nor is there any basis to conclude that the failure to answer is the product of excusable neglect. Indeed, in a past case, Fajardo refused to appear until days before a default judgment hearing, at which point he agreed to a payment plan for his delinquent contributions. *See* Contingent Order of Dismissal, *Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund v. Fajardo*, No. 13-cv-1519-NC (N.D. Cal. Oct. 29, 2013).

The plaintiffs seek an injunction ordering the defendants to submit to an audit of their financial records for the period of August 1, 2017, through the present to determine the extent of the defendants' delinquency. The plaintiffs' motion identifies the following financial records:

> Individual Employer's quarterly tax returns to the state and federal governments (California Forms DE-3 and DE-6 and Federal Form 941), payroll journals, individual earnings records and time cards for all employees, general check register, reports of employee hours to all other trades, workers' compensation insurance reports for all employees, general ledgers, bank statements, canceled checks, check stubs, Internal Revenue Service Forms W-2, W-4, 1096 and 1099 remitted to the United States Government, cash receipts journals, job cost records, invoices, contracts, and any other records which the auditor deems necessary or relevant to complete the audit.

When a plan prevails in an action for delinquent contributions, ERISA authorizes "such other

2

legal or equitable relief as the court deems appropriate," a phrase that encompasses audits. 29 U.S.C. § 1132(g)(2)(E); *see Crosthwaite v. Glavin Construction Management*, 2007 WL 2790695, at *5 (N.D. Cal. Sept. 25, 2007). The requested audit is "well within the authority of the trustees as outlined in the trust documents" and is an appropriate means of calculating the unpaid contributions. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985); *see* Collection Policy Part H, Dkt. No. 1-8; Roofers Local No. 81 CBA, Addendum Three § C.6, Dkt. No. 1-4; Roofers Local No. 10 CBA, Addendum Three § C.6, Dkt. No. 1-6.

The plaintiffs also request an order requiring the defendants to pay the delinquent contributions calculated by the audit. This request is denied without prejudice. The Federal Rules indicate that the Court should retain a role in assessing "the amount of damages." Fed. R. Civ. P. 55(b)(2). Following the audit, the plaintiffs may return for an award of the "unpaid contributions," including any "interest on the unpaid contributions." 29 U.S.C. § 1132(g)(2)(A)–(B); *see Crosthwaite*, 2007 WL 2790695, at *5.

In addition, the plaintiffs request "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). This provision is mandatory, not discretionary. *See Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984). To qualify for a mandatory fee award under section 1132(g), "the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). In light of the entry of default judgment, each requirement is met here. *See* Complaint ¶¶ 18–19; Collection Policy Part D. The Court finds that the requested attorney's fees—$8,939.75 for 30 hours of work—are reasonable given the attorneys' experience and time expended on this action. *See* Flynn Decl. ¶¶ 1–5, Dkt. No. 22-1; Ex. B. The Court also taxes to the defendants $640.50 in costs reasonably incurred by the plaintiffs. *See* Flynn Decl. ¶ 8; Ex. E.

For the foregoing reasons, the defendants are ordered to submit to an audit by the

plaintiffs' auditor. The audit will be conducted at defendants' premises during business hours at a reasonable time. The defendants must permit the auditor to review relevant financial records, including the documents identified by the plaintiffs' motion. The defendants are also ordered to pay attorney's fees and costs of $9,580.25.

The plaintiffs are ordered to serve this order on Fajardo and to file proof of service to that effect by June 23, 2020.

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____
VINCE CHHABRIA
United States District Judge